UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Elizabeth A. Taylor,

    Plaintiff,

vs.                                                     Case No.  3:05-cv-793-J-20MCR

Great American Insurance Company,

    Defendant.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Motion to Dismiss (Doc. 5) filed by Defendant, Great American Insurance Company, on September 22, 2005.  Plaintiff, Elizabeth A. Taylor, filed a response to this Motion on October 3, 2005.  (Doc. 9).  Upon Court order, Defendant filed its reply on November 16, 2005.  (Doc. 16).  Accordingly, the matter is now ripe for judicial review.

## I. **INTRODUCTION**

Defendant's Motion to Dismiss raises one issue.  Defendant urges the Court to dismiss Count II of Plaintiff's Complaint on the grounds that Plaintiff has not obtained adjudication of coverage, which is a necessary prerequisite in a cause of action for "bad faith" pursuant to Sections 624.155 and 626.9541, Florida Statutes.

Plaintiff's reply admits a final determination of coverage has not been made and, therefore, the bad faith action is premature.  However, Plaintiff maintains that abatement, not dismissal, of Count II is the appropriate remedy.  Upon Court order,

Defendant responds it does not oppose abatement of Count II so long as it will result in a complete suspension of all discovery and other proceedings regarding Count II.

## II. ANALYSIS

### A. Abatement of bad faith cause of action

In response to Defendant's Motion to Dismiss the bad faith count, Plaintiff asks the Court to abate her statutory bad faith cause of action until a final determination of her coverage claim has been made.  Plaintiff and Defendant agree that Florida law is not settled with regard to the use of abatement, instead of dismissal, for bad faith actions.  (Doc. 9, p.2; Doc. 16, p.1).  Plaintiff maintains the trend has been towards use of abatement.  (Doc. 9, p.2).  This Court agrees.  See, e.g., Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121, 1130 (Fla. 2005) (cautioning "that where the coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, such as the abatement of actions and in-camera inspection, to ensure full and fair discovery in both causes of action"); O'Rourke v. Provident Life & Accident Ins. Co., 48 F. Supp. 2d 1383, 1384-85 (S.D. Fla. 1999) (explaining the trend towards abatement of premature bad faith claims and holding abatement was an appropriate remedy).  Additionally, Defendant has indicated that it is amenable to abatement as a resolution of its Motion to Dismiss.  Accordingly, the Court finds the remedy of abatement is proper.

## III. CONCLUSION

For the reasons stated herein, Count II of Plaintiff's Complaint (Doc. 2) will not be dismissed and, instead, will be abated until resolution of Plaintiff's coverage claim.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss (Doc. 5) is **GRANTED in Part**. Count II of Plaintiff's Complaint (Doc. 2) shall be **ABATED** pending adjudication of Count I. In the meantime, discovery, pleadings, and/or other matters regarding Count II of Plaintiff's Complaint (Doc. 2) will not be permitted.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of November, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party